† HAM *versus* HAM, *Adm'r.*

Practice.

Of the rules in granting new trials.

ASSUMPSIT.

In this case a verdict was returned, and a motion made to set it aside, and for a new trial, on the ground of surprise at the testimony given, and on account of newly discovered evidence.

The facts and nature of the testimony are stated in the opinion of the Court, which was drawn up by

TENNEY, J. — The plaintiff brought his action to recover the amount of a note of hand, concerning which it does not appear that there was any controversy, and he obtained a verdict therefor. But he failed to recover on another claim, which was for contribution, on account of a note given by him and the defendant's intestate, as principals, to one Dar-

ling Huntress, alleged to have been paid wholly by him. The defence to the claim for contribution was, that the note was given to obtain the means to pay the consideration for the conveyance of a parcel of land to the two principals on the note, and that the payment was made by the plaintiff from the avails of timber cut from this land, which was owned in common.

The plaintiff filed a motion that the verdict should be set aside and a new trial granted, on the ground that he was surprised at the testimony of John Goodwin, William Emery, jr. and Walter Gowen, witnesses introduced by the defendant; and that he has since discovered that he can prove by Oliver Hutchins, Mary E. Hutchins, Whiting Stevens, William Sayward, Levi Bragdon and Moses Abbott, facts which are specified in the motion, inconsistent with the evidence of said Goodwin, Emery and Gowen. And he has taken and introduced the depositions of Oliver and Mary E. Hutchins, Stevens and Bragdon.

1. The first point taken in the argument for the plaintiff is, that the defence set up at the trial was not indicated in the brief statement. It does not appear that the evidence in defence was objected to for this cause. If it were the subject of objection, it was admitted, and the only mode of presenting the question of the propriety of its admission was by exceptions. This has not been done, and this point is not open.

2. It is insisted, that the testimony at the trial, when carefully weighed, is insufficient to establish the defence. The motion is not upon the ground, that the rejection of this part of the plaintiff's claim was against the evidence of the case, and the defendant is not supposed to come prepared further than to answer the objections to the verdict, which appear in the motion. But the evidence adduced by the parties at the trial has been presented without objection, and it may not be improper to indicate our views upon this point. One part of this evidence is not in perfect harmony with another. There was, however, testimony introduced

by the defendant, if uncontrolled entirely, which might authorize the jury to find, that the money with which the plaintiff paid the note given to Darling Huntress, was the proceeds of what was owned in common by him and the defendant's intestate. And there was testimony tending to prove a different state of facts. It was a question peculiarly proper for the determination of a jury. It grew out of a transaction, which had its origin many years before, and touching which witnesses in no wise interested to recollect the facts, might honestly differ. They did differ essentially. Many things relied upon in proof by each party were attempted to be shown by the statements of one and the other, at times, when those present might not have fully known, understood or recollected their true import. Such evidence is always exposed to attack, on the ground of its uncertainty, when the declarations of the party are recently made; but when a long time has elapsed between the statements, and the evidence of what they were, it is not strange, that they should be received by a jury with some degree of distrust, unless fortified by some unusual circumstances. In looking at the evidence, given at the trial, if the question was before the Court upon this motion, the propriety of disturbing the verdict on this account might be properly regarded as very doubtful.

3. On a comparison of the evidence introduced by the plaintiff at the trial, to do away the effect of the evidence introduced in support of the defence, and that taken under the motion, we are to ascertain, whether it is newly discovered, and if so, what would be its probable effect if presented to a jury, and also, whether it is to be treated as cumulative, in reference to that first introduced by the same party.

Mary E. Hutchins deposes, that in July, 1851, Thomas Ham went to Samuel Pray's to settle for some plank after the death of Pray; on his return he said, they would do nothing about it, he expected he should lose it, and must lose it, and that it was between twenty and thirty dollars.

Before the death of Pray, he said he was going to Pray's to take up something, so that his debt should not be outlawed. The deponent testified, that she stated this conversation to the plaintiff, after the trial of the action, and had not mentioned it to him before.

The deposition of Mary E. Hutchins is the only evidence introduced to sustain the motion, which is proved to have first come to the plaintiff's knowledge since the trial. And this does in no respect show, that the defendant's witnesses testified erroneously; and if introduced at the trial, must have had no more than a doubtful tendency to change the result with the jury.

The facts disclosed by the other depositions were in several respects inconsistent with the facts stated by the defendant's witnesses, Goodwin, Emery and Gowen, but most, if not all the facts therein are similar to those, which were in testimony at the trial, from witnesses called by the plaintiff, and may be treated as cumulative evidence.

The Court can take judicial notice of the lines of counties, and the towns embraced therein. The depositions taken in support of the motion are of persons living in Shapleigh, a town adjoining that in which the trial took place. In the absence of any proof or suggestion, that an attempt was made to obtain the evidence of Oliver Hutchins, Stevens and Bragdon, in season to be used, it cannot be assumed that the plaintiff could not have availed himself of its benefit.

The rule is well settled, that a verdict will not be set aside, upon the proof of the existence of evidence, which was previously known to the party making a motion for that purpose; nor upon newly discovered evidence, which is purely cumulative.

It is not only promotive of the peace of the community, but for the interest of the parties themselves to suits at law, that litigation in every case should be speedily terminated. And to secure this desirable object, encouragement should not be given to remissness in the preparation for trials.

. The law does not permit a party, to introduce a portion only of his proof, which is known, or which by reasonable diligence may become known to him, from an honest conviction that this portion may be sufficient for his purpose, and when he is disappointed at the result of his experiment, to introduce the part which he has reserved, on another trial.

*Motion overruled. — Judgment on the verdict.*

J. *Shepley,* for defendant.

J. *Goodenow,* for plaintiff.