WILLIAM HARVEY and others, petitioners for a road,

*vs.*

THE TOWNS OF WAYNE, READFIELD AND WINTHROP, appellants.

Kennebec.    Opinion July 21, 1881.

*Ways.   County commissioners.   Record.   Judicial notice.*

It is not essential that the number of rods, belonging to each town to build, of a way, laid out by the county commissioners through two or more towns, should be stated, if the record shows with certainty and precision the entire location upon the face of the earth.

The court takes judicial notice, not only of the division of the state into counties, towns, &c. as declared in R. S., c. 1, § 1, with bounds continuing as they are established, but of their geographical position also.

ON EXCEPTIONS.

Appeal from the doings of the county commissioners in laying out a county way through the towns of Wayne, Readfield and Winthrop.

A committee was appointed by the court on the appeal, and they made their report to the court at the October term, 1880, affirming the decision of the county commissioners.

Objections were filed by the appellants to the acceptance of the report, and overruled by the court.    To this ruling the appellants excepted.

The facts sufficiently appear in the opinion.

*J. H. Potter*, for the petitioners.

*Bean and Bean*, for the appellants.

If the record of the county commissioners is defective and would be quashed on certiorari, it may be on this appeal.

*Goodwin* v. *Co. Com. Sagadahoc Co.* 60 Maine, 328; *Hodgdon* v. *Co. Com. Lincoln Co.* 68 Maine, 226.

There is no legal and sufficient description of the road located. The adjudication, return and record do not show in what towns portions of the road are located; nor that it is in any town; nor that it is in the county of Kennebec.

If it is said, that is certain which is capable of being made certain, it is replied, that any point and fact absolutely necessary in establishing such certainty must appear upon the record, and the grand preliminary fact necessary as a starting point, in our search for this road, is entirely wanting. In all located lands or ways, the place, the town, the county is the descriptive starting point. It does not appear that two pieces of the road are in any town in the county. See *Lewiston* v. *Lincoln Co. Com.* 30 Maine, 19; *P. S. & P. R. R. Co.* v. *Co. Com. of York,* 65 Maine, 292.

BARROWS, J. Objections were made to the acceptance of the report of the committee, affirming the judgment of the county commissioners in locating the road in question, for the following alleged reasons briefly stated : 1, Want of a legal and sufficient description of the road. 2, It is claimed that neither of the portions constituting the two ends of the located road are described as in any town in the county of Kennebec. 3, Because the record does not show what portion of said located way is to be built by each of the towns through which it passes.

The record exhibits a petition addressed to the county commissioners for the county of Kennebec, and signed by "citizens of said county," asking for the location of a county road beginning at one or the other of two proposed termini, both minutely described, and severally alleged to be "in the town of Wayne," thence to run by the most feasible route to and by several points in Wayne, one of which is "the road leading to one Robert Waugh's dwelling house, in the town of Wayne," and to certain points in Readfield, and to "some point on the Maine Central Railroad, not more than two miles southerly of the westerly end of the railroad bridge, across the Winthrop and Readfield pond." It exhibits also an adjudication by said commissioners after due

notice and hearing that common convenience and necessity require that the request of the petitioners should be granted, and a consequent location by them of a way beginning at one of the proposed termini described in the petition as " in the town of Wayne," and further designated by a birch stake, and thence running certain courses and distances, in all one hundred and ninety-two rods, over lands owned or occupied by individuals named, to "the road leading southerly from said Waugh's"— so far unmistakably in the town of Wayne. This is the piece which the appellants describe as constituting one end of the located way. It is apparently separate from the larger portion thereof, but connected therewith by public ways in which this portion ends and the remaining portion begins. The northwesterly terminus of the part remaining, is defined with sufficient clearness. It is at the road leading from Readfield woolen mill to the Sturtevant Hill, at the line between the towns of Readfield and Winthrop. This means the centre of the Sturtevant Hill road where it crosses the line between the towns. From thence the line is traced easterly following the town line on the southerly side thereof, a certain number of rods over lands of individuals named, to the road leading from Readfield corner to Winthrop village, and from thence, crossing said road to the northerly side of the town line, and following said town line on the northerly side thereof, on land of Salmon Smith, two hundred and twenty-one rods to stake in the woods, thence in a general southeasterly direction various courses and distances over land of another party, sixty one rods farther to the Maine Central Railroad. The width of the road and its position on one side or the other of the line traced as above, are carefully provided for.

We do not see any difficulty in ascertaining the location of the road from the record within the true meaning and intent of the cases cited from 30 Maine, 19, and 65 Maine, 292. We take judicial notice not only of the division of the State into counties, towns, &c. as declared in R. S., c. 1, § 1, with bounds continuing as they are established, but of their geographical position also. Hence we know that the three towns here appealing, whose jurors we recognize as rightfully summoned at every

*nisi prius* term held within and for this county are included in Kennebec county, and within the jurisdiction of these commissioners, that Wayne is in the western tier of towns, and that Readfield and Winthrop both adjoin it on the east. A road no longer than this, commencing in Wayne and running south easterly, and then for the principal part of its length easterly, on the boundary line between Readfield and Winthrop must needs lie wholly within the county of Kennebec and in these three towns. We think a careful examination of the record would show the precise number of rods in each. But that is not essential if the exact location can be ascertained from the record. Each town is required by law to build so much as lies within its borders, and is bound to know where its own lines are. If either neglects its duty, it is not perceived that any practical difficulty can arise in assigning to each its proper portion of the expense of building by an agent.

Neither of the objections raised by the appellants is tenable; part of them not being sustained by the facts, and the remainder not valid in law.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DANFORTH, PETERS and LIBBEY, JJ., concurred.