STATE OF MAINE *vs.* WILLIAM W. DAMON.

Cumberland. Opinion February 23, 1903.

*Indictment. Pleading. Polygamy. R. S., c. 124, § 4.*

In an indictment for polygamy, it is sufficient to show jurisdiction, to aver that the crime was committed at some town within the county, or that the offender resided in the county at the time of indictment, or that he was apprehended within the county.

In such an indictment, the statutory exception is sufficiently and properly negatived, by the use of the following language:—"the said Rose Hoff Damon" [the lawful wife] "not having been continuously absent for seven years previous thereto and not known to him, the said William W. Damon to be living within that time."

Exceptions by defendant. Overruled. Judgment for the State.

Indictment for polygamy in the Superior Court for Cumberland County, to which the defendant demurred. The demurrer was overruled and the defendant took exceptions.

*R. T. Whitehouse,* County Attorney, for State.

*D. A. Meaher,* for defendant,

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, SPEAR, JJ.

SAVAGE, J. Demurrer to indictment for polygamy. The indictment was found in the Superior Court for Cumberland County.

I. The respondent claims that the indictment does not allege that he resided in Westbrook, or that he resided or had been apprehended in Cumberland County. The indictment describes him as "late of Westbrook in the County of Cumberland," and then alleges that the polygamous marriage took place "at said Westbrook." There is no doubt but that by virtue of the statutes creating it, the Superior Court for Cumberland County has general jurisdiction of indictable offenses committed "at Westbrook" in that county, including polygamy, unless the statute defining and affixing a punishment for polygamy in some way affects and changes that jurisdiction. We understand the counsel for the respondent to claim that it does so.

Revised Statutes, c. 124, § 4, after defining polygamy concludes as follows:—"and the indictment for such offense may be found and tried in the county where the offender resides, or where he or she is apprehended." And the respondent's contention is that in order that the indictment should show the jurisdiction of the Superior Court, it must be averred in substance that at the time of the indictment the respondent resided, or had previously been apprehended within the County of Cumberland. We do not think so. Usually an indictment must be found in the county in which the criminal act was committed, and the court in a county has general jurisdiction over such crimes. But the Legislature may give the court in one county jurisdiction over crimes committed in another. It has provided that the crime of polygamy is indictable and punishable in any county where the offender may be found residing, or within which he has been apprehended. But this is not exclusive. It is merely an enlarged or special jurisdiction. It by no means ousts the court of the county in which the polygamy was committed of its general jurisdiction. The offender is not merely indictable in that county, but also in the county in which he resides, or in which he is apprehended.

An indictment is sufficient in this respect if it alleges that the crime was committed at some town within the county, or that the offender resided in the county at the time of indictment, or that he was apprehended within the county. The first objection to this indictment therefore fails.

II. It is averred in the indictment that the lawful wife was Rose Hoff Damon, and the respondent objects that the averment in the indictment, "the said Rose Hoff Damon not having been continuously absent for seven years previous thereto and not known to him, the said William W. Damon to be living within that time" is self-contradictory and uncertain. We do not think so. The defendant would read it as two separate and distinct averments, one that Rose Hoff Damon had not been continuously absent for seven years previous to the marriage complained of, and the other that she was not known to the respondent to be living within that time. We read it as a negative averment of a single statutory exception. The statute, R. S., c. 124, § 4, so far as relates to this question, reads as follows:— "If any person except  .  .  .  .  one whose husband or wife has been continually absent for seven years and not known to him or her to be living within that time, having a husband or wife living, marries another married or single person  .  .  .  .  he or she shall be deemed guilty of polygamy." The rules of pleading required the pleader to aver that the respondent was not within the excepted class. *State* v. *Godfrey,* 24 Maine, 232, 41 Am. Dec. 382. Who was within the excepted class? One whose wife had been continually absent for seven years and not known to him to be living within that time. Embodied in the exception is the affirmative proposition of seven years absence, limited by a negative proposition, not known to be living. The latter proposition is not an independent one. It is a modification of the prior one. That his wife was not known to be living was of no consequence, except in case of seven years absence. Not all cases of seven years absence were within the exception, but only his whose wife was not known to him to be living within that time. The two clauses must be taken together. Together they define only one excepted class, in which was included

only that one whose wife had been absent for seven years, *and* not known to him to be living within that time. When the affirmative element of absence is limited by the negative element of knowledge to be living, a case is brought within the exception in the statute. The pleader ought to aver that the respondent was not within the exception. How did he do it? He employed the statutory definition of the excepted class and placed the word "not" before it. He negatived the entire excepting clause. How could it have been done better? That the result at first sight may seem uncertain, chiefly because it furnishes an instance of the double negative, is not the fault of the pleader. It is simply the consequence of negativing an exception, which contains an affirmative limited by a negative. We think the indictment is sufficient.

*Exceptions overruled.    Judgment for the State.*