STATE OF MAINE *vs.* DAVID STEPHENS.

Penobscot.    Opinion July 14, 1919.

*Indictments.    Bigamy.    Rule as to Statutes of State having extra-territorial force.*
*Rule as to courts having jurisdiction over offenses committed in other states*
*or foreign countries.    R. S., Chap. 126, Sec. 4, interpreted.  .*

The courts of this State have no jurisdiction of offenses committed outside the boundaries of the State.

Sec. 4 of Chap. 126, R. S., simply enlarges the jurisdiction of the court by giving it jurisdiction of the offense of bigamy in the county where the respondent resides or is apprehended, as well as in the county where the offense was committed; and cannot be construed as extending the jurisdiction of the courts of this State to this offense when committed in other states or foreign countries.

Indictment for the crime of bigamy.    The indictment was returned by the Grand Jury, County of Penobscot, State of Maine, alleging that the respondent was living in Bangor, Penobscot County, State of Maine, and that the crime was committed in McAdam, Province of New Brunswick.    Respondent filed a general demurrer, which was overruled by presiding Justice; to which ruling respondent filed exceptions.    Exceptions sustained.

Case stated in opinion.

*A. L. Blanchard,* for State.

*Donald F. Snow,* for defendant.

SITTING:    CORNISH, C. J., SPEAR, HANSON, DUNN, WILSON, DEASY, JJ.

WILSON, J.    This indictment charges the respondent with having committed the crime of bigamy in the Province of New Brunswick. The respondent filed a general demurrer which was overruled by the presiding Justice, to which ruling the respondent excepted.    The respondent urges in support of his exceptions that the indictment does not set forth any crime committed within the jurisdiction of this State.

It is elementary law that the statutes of a state have no extra-territorial force, nor do its courts have any jurisdiction of offenses committed in other states or foreign countries. *State* v. *Cutshall,* 110 N. C., 538; *State* v. *Ray,* 151 N. C., 710; *Scroggins* v. *State,* 32 Ark., 205, 214; *Johnson Com.,* 86 Ken., 122; Bish. Stat. Crimes, Sec. 586; *State* v. *Stewart,* 194 Mo., 345.

The offense described in the indictment is alleged to have taken place in New Brunswick. No criminal acts are alleged to have taken place in Maine. It does not even allege cohabitation here with his bigamous spouse, which some states recognizing the lack of jurisdiction over the bigamous marriage entered into in another state, have made an offense by statute, *State* v. *Stewart,* supra, *Com.* v. *Bradley,* 2 Cush., 553; *Beggs* v. *State,* 55 Ala., 108, 110; and cases cited in 7 Corpus Juris 1163, note 83.

It is urged, however, and the indictment was apparently framed upon this theory, that since Sec. 4, Chap. 126, R. S., provides that the indictment for such an offense may be found and tried in the county where the offender resides or where he or she is apprehended, it matters not where the offense was committed. But this provision cannot be construed to give our courts jurisdiction of offenses committed beyond the boundaries of the State. *State* v. *Cutshall,* supra, *State* v. *Ray,* supra. It simply enlarges the jurisdiction of this court by giving it jurisdiction of this offense in any county where the offender may reside or be apprehended, as well as in the county where the offense was committed. *State* v. *Sweetser,* 53 Maine, 438. It is beyond the power of the Legislature to give jurisdiction to the courts of this State of offences entirely committed beyond its limits.

In *State* v. *Ray,* supra, the same provision, in substantially the same language as our statute, was construed to refer "only to the venue of the crime defined in the first clause." The offense there as in our statute, is the second marriage and not the after cohabitation. The respondent may be guilty of offenses against our statutes, but he has not committed the crime, of which he stands charged in this indictment, within the jurisdiction of the courts of this State.

The entry will be,

*Exception sustained.*