Benjamin G-assman, J.
On December 15, 1960, the defendant was convicted, after trial, of assault in the third degree. He now. moves to set aside the conviction and for a new trial on several grounds, principally, on the ground that his trial and conviction in this court constituted double jeopardy.
The testimony before us developed the following facts: At about 10:30 p.m. on December 21, 1960, a police officer found the defendant lying outside the New York Central Station at 125th Street and Park Avenue, in Manhattan. The defendant complained of pains in his stomach and the officer summoned an ambulance in which the defendant was taken to Harlem Hospital, where he received treatment. About two hours later, the complaining officer, Bichard Smith, was ordered to go to Harlem Hospital on police business, unrelated to the defendant. While there, he noticed the defendant standing in the corridor of the emergency ward, shouting and using profane language. He approached the defendant and told him to lower his voice and to refrain from using profanity, but the defendant persisted in his conduct. Smith thereupon escorted the defendant out of the hospital, and as he turned to re-enter the hospital, the defendant struck him, knocked him down, and kicked him in the chest and groin. Thereupon the defendant was arrested on two charges— (1) disorderly conduct based on his actions inside the hospital, and (2) assault, based on his actions outside the hospital.
The officer sustained injuries to his groin, face and chest and was on sick leave for approximately one week.
He was tried in the Magistrates’ Court on the disorderly conduct charge and was acquitted. Later, he was tried before us on the assault charge and was convicted.
On this motion, the defendant contends that when Police Officer Smith testified in the Magistrates’ Court in the disorderly conduct trial, after testifying to what occurred inside the hospital, he told the Magistrate that he escorted the defendant outside the hospital and added: ‘ ‘ At that time I was struck by the defendant”; that counsel for the defendant objected to that testimony * ‘ as not within the purview of the complaint ’ ’, and that the Magistrate at first sustained the objection, stating: ‘1 He is not being charged with assault; you are charging him with disorderly conduct within the emergency ward of the Harlem Hospital ’ ’. However, shortly thereafter, the Magistrate said: “I will change my mind and overrule your objection”, following which, Officer Smith was permitted to testify as to the assault committed upon him by the defendant outside the hospital, substantially as he testified thereto on the trial before *977 us. The defendant contends that there was such a merger in the Magistrates’ Court trial of the testimony with respect to the charge of disorderly conduct and the assault, as to constitute one and the same offense; that his acquittal in the Magistrates ’ Court disposed of the assault charge as well, and that his trial in this court, therefore, constituted double jeopardy. “ It is well settled that a conviction or acquittal upon one charge is no bar to a subsequent conviction and sentence upon another, unless it appears that the offense charged was the same in law and in fact as the one of which the defendant had either been acquitted or convicted. The fact that both charges relate to and grow out of one transaction makes no difference. Even if there is a fact which is common to both charges, but evidence is required to establish the second charge which was not required in the proof of the first charge, then the claim of double jeopardy is without foundation ”. (People v. Skarczewski, 178 Misc. 160, 162, affd. 287 N. Y. 826; People v. Berger, 199 Misc. 543.) ‘ ‘ The plea of double jeopardy will not be allowed if the offenses charged in the two indictments be perfectly distinct in point of law, however nearly "they may be connected in fact ”. (People v. Adamchesky, 184 Misc. 769, 772.)
In Morey v. Commonwealth (108 Mass. 433), often cited with approval by our courts, it was held that11 a single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other” (p. 434). (See, also, People v. Grzesczak, 77 Misc. 202, 204.)
In People v. Fennell (10 A D 2d 78) it appeared that, as a result of an altercation with a railway policeman in the Pennsylvania Railroad Terminal, the defendant was separately charged with disorderly conduct and assault. He was acquitted in the Magistrates’ Court of the charge of disorderly conduct, but was convicted in the Court of Special Sessions of the charge of assault. On appeal from that conviction, he urged that his trial on the assault charge constituted double jeopardy. The Appellate Division rejected that argument, saying: “While a defendant may not be placed in jeopardy twice for the same offense (People v. Silverman, 281 N. Y. 457), it does not follow that a person may not be convicted of several crimes arising out of the same incident. If the crimes are separate and distinct as a matter of law, a defendant may be convicted of each, although the facts may be closely related. * * * The offense of which defendant was acquitted in the Magistrate’s Court was different from the crime charged in the information. The *978 Magistrate refused to receive or consider evidence concerning the assault, and the complaint did not allege any facts necessary to sustain such a charge. Conversely, the information filed in the Court of Special Sessions alleges only an assault. Each charge required different facts to be proved, although both arose from a single event. It follows that the two offenses were not the same in fact and law ” (pp. 79-80).
"While it is true that the Magistrate here, at the trial of the disorderly conduct charge, admitted evidence of the assault, which was neither necessary nor pertinent to the charge before him, the defendant was in no way prejudiced thereby. Had the defendant been convicted of disorderly conduct, he might perhaps have argued that such conviction was brought about by the admission of the extraneous assault testimony. However, his acquittal by the Magistrate is proof of the fact that the admission of that testimony did not prejudice him in any way.
It is clear that the charge of disorderly conduct tried in the Magistrates’ Court is not the same as the charge of assault tried before us. The former charge was based on the defendant’s actions inside the hospital, while the latter charge was based on what transpired outside the hospital. The minutes of the trial in the Magistrates’ Court show that although the Magistrate admitted testimony of the assault committed outside the hospital, he did not consider that testimony in disposing of the charge. He stated (p. 62 of the minutes): “ I am going by the evidence before me. But as to anything else, any decision I make, I think you gentlemen had better understand that I am in no way passing upon anything other than the fact of what is there — a disorderly conduct committed within the confines of the corridors of Harlem Hospital, which is the charge here”.
Indeed, the Magistrate had no jurisdiction and could not have disposed of the assault charge on the merits, even had that charge been before him, which it was not. “ A person is not put in second jeopardy unless his prior acquittal or conviction was before a court having jurisdiction to try him for the offense. Former jeopardy presupposes jurisdiction in the court trying the issues raised by the information”. (People v. Smith, 266 App. Div. 57, 61-62.)
The defendant’s motion should be accordingly in all respects denied.
Bbeslikt and Galloway, JJ., concur.
Motion denied.