**STATE of Maine**

v.

**Charles P. DYER.**

Supreme Judicial Court of Maine.

March 6, 1973.

Joseph E. Brennan, County Atty., David C. Pomeroy, Asst. County Atty., Portland, for plaintiff.

Warren E. Winslow, Portland, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, WERNICK and ARCHIBALD, JJ.

WEBBER, Justice.

On this appeal by the defendant from a conviction by jury verdict of uttering a forged check, only one issue requires discussion here. Defendant asserts that venue in Cumberland County was never proved. It is true that, although the indictment charged that the offense occurred in Portland in the County of Cumberland, no witness fixed the location in precise terms. On the other hand there was evidence that the act of uttering occurred at the "Mammoth Mart on Washington Avenue" described as a store having about 55,000 square feet of merchandising space and serving approximately 1300 customers per day; that the officer called to investigate the offense was a member of the police department of the City of Portland; and that the forged check was deposited in a Portland bank and bore the endorsement "Mammoth Mart, Portland Store." The State was able to offer a picture taken of the defendant in the course of uttering the check at Mammoth Mart. With obvious reference to this picture, counsel for defendant inquired on direct examination of the defendant if he ever had his picture taken at "Mammoth Mart, Washington Avenue, City of Portland" and received a negative answer. In short, it is apparent that as this case was postured at trial it was assumed by the parties and their counsel that the locus of the offense was in Portland in the County of Cumberland. Indeed, there was no suggestion whatever

1

in the evidence that venue might be in doubt.

Because venue is not an element of the crime, some courts have concluded that it need not be proved beyond a reasonable doubt but that proof of venue by the fair preponderance of the evidence will suffice. Other courts, while requiring proof beyond a reasonable doubt, have nevertheless held that "it takes little evidence to establish it." Rounds v. Commonwealth of Kentucky (1940) 282 Ky. 657, 139 S.W.2d 736, followed in Witcher v. Commonwealth of Kentucky (1960–Ky.) 339 S.W.2d 188, 189;[1] especially "where there is no conflict in the evidence concerning venue," Martin v. State (1950) 207 Ga. 482, 62 S. E.2d 158. There is at least an intimation in State v. Dipietrantonio (1956) 152 Me. 41, 122 A.2d 414, that proof of venue beyond a reasonable doubt may be required, but, whether that be so or not,[2] the undisputed evidence in the instant case suffices to satisfy even that degree of proof.

Where there was no direct evidence of venue, the Court in White v. United States (1966) D.C.App., 222 A.2d 843, 845 held that "venue may be established by circumstances and inferences, and by the commonly accepted meaning of words as well as by a precise description." The Court also said, "The arresting officer also testified that he was a member of the Metropolitan Police, 13th Precinct, and that the stripped vehicle was registered in the District of Columbia. This, with other references to 'First Street' and 'Branch Avenue,' cumulatively constituted sufficient 'reference in the evidence to the locality known or probably familiar' to the court to constitute proof of jurisdiction." The same rule was applied in a similar fact situation in George v. United States (1942) 75 U.S.App.D.C. 197, 125 F.2d 559.

In Piper v. State (1930) 202 Wis. 58, 231 N.W. 162, 164 we find, "While direct proof of venue should be made, absence of it does not defeat conviction, where inference of it may properly be drawn from circumstantial evidence. Where no witness testifies directly to the venue, it is sufficiently proved if there is reference in the evidence to the locality known or probably familiar to the jury where the act constituting the offense was committed from which the jury may reasonably have concluded that the place was in the county alleged. * * * The defendant's shop, where the transaction involved occurred, was located on Fond du Lac avenue at least probably known to the jurors as a street in Milwaukee. A city policeman testified that it was on his beat. The jury were warranted in concluding from this that the offense was committed in Milwaukee county."

In People v. Pride (1959) 16 Ill.2d 82, 156 N.E.2d 551, 554 the Illinois Court abandoned its prior rigid requirements for proof of venue as being "inconsistent with common experience" and tending to "protect an accused by the naivety of the court." The Court concluded that when a witness *testifying in Chicago* gave a street and number as the locus of the crime, the jury could properly infer that he was referring to a street in Chicago in Cook County, thus adequately proving venue. In support of its liberalized position the Court said, "The statement attributed to Mr. Justice Holmes that judges need not be more naive than other men is particularly appropriate. They should use their common sense, common observation and general knowledge in considering evidence and drawing the proper inference from it. What is obvious to the layman should not be confounded by labeling it indefinite to the courts."

1. To the same effect, Noble v. Commonwealth of Kentucky (1961–Ky.) 351 S.W. 2d 181, 183.

2. The opinion contained no discussion of the reasons underlying a proof requirement with respect to venue. Venue is not an essential element of the crime. A decision as to the burden of proof as to venue is unnecessary in our determination of the case before us.

In the instant case factors deemed adequate by the cited authorities were present. We have no doubt that jurors residing in Cumberland County knew or were probably familiar with the fact that Mammoth Mart, a large department store, is located on Washington Avenue in the City of Portland. When we add the fact that a Portland police officer was called to investigate, that and other attendant circumstances noted in our initial statement of the facts strengthen the proof. As already noted, no evidence tending to suggest that venue might be other than in Cumberland County was adduced at trial and, indeed, as the case was presented for jury consideration it is apparent that no issue as to venue was recognized by anyone. We conclude that venue in Cumberland County was adequately proved.

Other issues sought to be raised for the first time on appeal are not properly before us for review but in any event are without merit.

Appeal denied.

POMEROY, J., did not sit.

All Justices concurring.