**STATE of Maine**

v.

**David P. BALDWIN et al.**

Supreme Judicial Court of Maine.

June 6, 1973.

Ronald E. Ayotte, County Atty., Bidde-
ford, for plaintiff.

Harry S. Littlefield, Wells Beach, Dan-
iel G. Lilley, Portland, Basil L. Kellis,
Sanford, for defendants.

Before DuFRESNE, C. J., and WEB-
BER, WEATHERBEE, POMEROY and
ARCHIBALD, JJ.

POMEROY, Justice.

This appeal from a judgment entered upon a finding of guilty of the crime of rape (17 M.R.S.A. § 3151) raises an important issue of first impression in this State.

The trial was held before a single Justice of the Superior Court, a trial by jury having been waived.

Although several points of appeal are noted and were argued before us, we find one issue determinative of the appeal.

Our decision on this issue requires that the appeal be sustained.

Discussion will be confined to the one dispositive issue.

■ We are satisfied that jurisdiction of the State of Maine to prosecute the defendants and the jurisdiction of the Court to entertain the prosecution was not established by the quantum of proof required.

The evidence is unquestioned that the rape occurred in the immediate vicinity of the border between the States of Maine and New Hampshire.[1]

The trial Court ruled expressly that the State had failed to prove beyond a reasonable doubt that the criminal acts occurred in the State of Maine, but did find that the State had proved the situs of the crime to be in Maine by a fair preponderance of the evidence.

Thus the issue is squarely presented to us: In a criminal prosecution what is the quantum of proof necessary for the State to demonstrate that the crime was committed within its territorial jurisdiction in order to establish its right to prosecute?

The appellants argue the decision in this case ought be controlled by In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

We do not agree.

The holding of *Winship* was that all persons accused of crime are protected "against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." 397 U.S. at 364, 90 S.Ct. at 1073.

We are satisfied that the Court in *Winship* recognized the generally accepted standard that *guilt* must be proved beyond a reasonable doubt to be of constitutional significance. We are persuaded that the emphasis upon the word "guilt" found in the Court's opinion evidences that when the Court used the phrase "every fact necessary to constitute the crime" it meant *those facts essential to establishing criminality of the defendant's conduct.*

The factual issue upon which the presiding Justice in the case before us was required to rule, was whether the rape occurred in Maine or in New Hampshire. The criminality of the defendant's conduct

---

1. The presiding Justice in ruling upon the issue raised by the defendants that the Court lacked jurisdiction, said:
   "This Court cannot, in good conscience and with intellectual honesty, conclude that the State has proved beyond all reasonable doubt—if that concept is to have a genuine substantive significance differentiating it from a preponderance of the evidence or inferences fairly to be drawn from the evidence—that the geographical location at which . . . was raped, as above found, was in the State of Maine rather than in the State of New Hampshire. There is no direct evidence identifying the place. The circumstantial evidence adduced, as this Court views it, lacks sufficient cogency in pointing to the single conclusion that the site was in Maine so as to exclude every reasonable hypothesis consistent with a locus in New Hampshire. All of the critical events involved originated and continued up to a place, i. e. the gravel pit at which the first stop was made, which was in Maine but which was in a vicinity so close to the New Hampshire border that reasonable alternatives of the automobile's having subsequently crossed into New Hampshire and remaining in New Hampshire are not adequately excluded by the circumstantial factors indicating the travel of the automobile subsequent to the first stop at the gravel pit.

is the same whatever the situs of the place where the criminal conduct occurred.

Challenged is the jurisdiction of the Maine Court to hear and decide the guilt or innocence of the appellants.

■ Venue is not an element of a crime. State v. Dyer, Me., 301 A.2d 1 (1973).

A fortiori, jurisdiction is not an element of a crime.

At the trial before the single Justice of the Superior Court appellants argued that the correctness of venue was required to be proved by the State by evidence convincing in its effect beyond a reasonable doubt. State v. DiPietrantonio, 152 Me. 41, 122 A.2d 414 (1956), was cited as authority in support of appellants' contention. Concerning such contention

The Superior Court Justice wrote:

"This Court believes that the issue remains open in Maine in spite of language which appears in the case of State v. DiPietrantonio, 152 Me. 41, 122 A.2d 414 (1956). Such language as appears in that opinion in relation to the place at which the crime of rape was committed is casual and incidental and is fairly to be regarded as dictum, unessential to the actual decision. The attention of the court had not been focused on the issue of the standard of proof. Neither was the court purporting to give explicit, direct and careful attention and research to the issue. Neither was the court purporting to be deciding the issue in definitive and controlling terms with the object of establishing the law of Maine for purposes of *stare decisis*.

In State v. Dyer, supra, decided March 6, 1973, this Court in speaking of *DiPietrantonio* said:

"There is at least an intimation in State v. DiPietrantonio, 152 Me. 41, 122 A.2d 414, that proof of venue beyond a reasonable doubt may be required but

whether that be so or not the undisputed evidence in the instant case suffices to satisfy even that degree of proof."

The Court then went on to say in a footnote:

"A decision as to the burden of proof as to venue is unnecessary in our determination of the case before us." 301 A. 2d at 2 & n.2.

The single Justice, in the opinion he wrote in support of his decision, reasoned most persuasively that the rule in Maine ought to be that *venue* need be established only by a fair preponderance of the evidence.

We deem it unnecessary to decide what quantum of proof is necessary in order for the State to establish venue when it is clear the alleged criminal act occurred in the State of Maine and the sole question is in what county it occurred.

The Justice in the Superior Court applied the same reasoning when the issue was the sovereign power of the State to assert its territorial jurisdiction through the power of its courts as he applied when the issue was one of venue as between different counties in the State.

We see a vast difference in the policy considerations governing the adoption of a rule as to venue and the adoption of a rule as to territorial jurisdiction.

When a crime is committed in the State of Maine, the State of Maine has sovereign power and a duty to assert its jurisdiction through the power of its courts to prosecute the perpetrators of such crime.

The sovereign power of the State exists whether the venue is properly laid in one county or another so long as the appropriate venue is within the territorial jurisdiction of the State.

■ Article I, Section 6, of the Constitution of Maine, describes in some detail rights of persons accused of crime. Among those rights so described is the

right to trial by a jury of the vicinity. "Vicinity" as used in this Section of the Constitution is not equivalent to "county." Rather, it means "neighborhood." State v. Longley, 119 Me. 535, 112 A. 260 (1921).

Venue of criminal prosecutions is established by Rule 18, Maine Rules of Criminal Procedure.

There is only one Superior Court in Maine. The place at which an offense is committed, so long as it is within the State, does not affect the jurisdiction of the Superior Court of Maine. Provision exists by statute relating to offenses committed on the boundary between two counties or within 100 rods thereof (15 M.R.S. A. § 3) and as to county lines terminating at or near tidewaters (15 M.R.S.A. § 4).

Provision exists by Rule of Court, Rule 21, M.R.Crim.P., for change of venue on motion of a defendant. Failure to call the attention of the Court, prior to trial, to improper venue results in a waiver. Rule 12, Maine Rules of Criminal Procedure.

■ These examples demonstrate that provisions as to venue have no substantial bearing upon a defendant's constitutional rights except as they have bearing upon the defendant's right to trial by a jury of the vicinity. ·

■ While it has long been the practice in Maine to try a defendant in the county in which the offense was committed (State v. Damon, 97 Me. 323, 54 A. 845 (1903)), there is no necessity to do so as long as the trial is in the vicinity. See Glassman, Maine Practice, § 18.1 (1967).

Altogether different considerations apply when the factual issue is whether or not the offense was committed within the territorial limits of the State of Maine.[2]

■ There are significant factors which compel us to hold, although not constitutionally required, the State has the burden of proving beyond a reasonable doubt that the criminal conduct it seeks to vindicate occurred in the State of Maine. We are persuaded to this conclusion because the establishment of such a stringent standard of proof reflects the gravity of the effect upon the judicial process and upon the rights of defendants of an erroneous factual determination of the issue of jurisdiction.

■ The extent of the sovereignty of the State extends to all places within its boundaries. 1 M.R.S.A. § 1. The penal laws of the State are enacted as an exercise of sovereignty and are thus restricted in their application to places within the boundaries of the State. This was recognized in State .v. Stephens, 118 Me. 237, 107 A. 296 (1919), when this Court said:

"It is elementary law that the statutes of a state have no extra-territorial force, nor do its courts have any jurisdiction of offenses committed in other states or foreign countries." 118 Me. at 238, 107 A. at 297.

See also Nielson v. Oregon, 212 U.S. 315, 29 S.Ct. 383, 53 L.Ed. 528 (1909).

■ Unlike venue, jurisdiction can never be waived nor can it be conferred upon a Maine Court by consent. Green v. State, Me., 245 A.2d 147 (1968).

It is consistent with the great importance of determining that the Court acting in a case has jurisdiction to require that such jurisdiction be found by employing the highest standard of proof.

The rule that jurisdiction to act in a criminal case must be established beyond a reasonable doubt insures that when a Court acts it does so with authority.

---

2. There is the consideration affecting both venue and jurisdiction alike that in order to avoid confusion in the minds of the jury resulting from being given two different rules, the quantum of proof re-

quired to convict, i. e., beyond a reasonable doubt and the quantum of proof required to establish both venue and jurisdiction ought to be proof beyond a reasonable doubt.

What is perhaps of even greater importance in our selection of the appropriate rule is that the resolution of the issue of jurisdiction has direct effect on significant rights of defendants.

■ Article IV, Section 1, of the Constitution of the United States, does not compel a sister state to give full faith and credit to a decision of the Maine Court as to its jurisdiction. That this is so was clearly established in Thompson v. Whitman, 85 U.S. (18 Wall.) 457, 21 L.Ed. 897 (1873). In that case the United States Supreme Court said:

> "On the whole, we think it clear that the jurisdiction of the court by which a judgment is rendered in any State may be considered in a collateral proceeding in another State, notwithstanding the provision of the fourth article of the Constitution [Full Faith and Credit Clause] . . . ." 85 U.S. (18 Wall.) at 469.

In that case Whitman's sloop had been seized by New Jersey authorities for violation of New Jersey fishing laws. A New Jersey Court determined that it had jurisdiction inasmuch as the seizure had occurred in New Jersey waters. Whitman commenced action in the New York Court to recover his sloop. The New York Court refused to accept the New Jersey Court's decision as to its jurisdiction and ruled that jurisdiction must be proven anew in the trial in New York.

*Whitman* makes it clear that if New Hampshire decided to prosecute these five appellants for rape, based on the identical circumstances present in the instant case, the New Hampshire Court would not be bound to extend full faith and credit to the decision of the Maine Court that the rape occurred in Maine.

■ Should prosecution be commenced in New Hampshire, the appellants would not be protected from such prosecution by the Fifth Amendment to the Constitution of the United States. A plea of former jeopardy would be of no avail if the previous trial in Maine was before a Court without jurisdiction, in the judgment of the New Hampshire Court. People v. Stewart, 27 Misc.2d 975, 213 N.Y.S.2d 537 (1961); Woodring v. United States, 337 F.2d 235 (9th Cir. 1964).

The fact that appellants have been convicted and imprisoned in Maine would not bring about a different result.

Chief Judge Friendly, writing for the Court in United States v. Sabella, 272 F.2d 206 (2nd Cir. 1959), expressed it this way:

> "There is some degree of unreality in a claim that a convicted defendant who has been in jail has not been in jeopardy. Indeed, such a contention has been characterized as 'in the vein of The Mikado,' King v. United States, 1938, 69 App.D.C. 10, 98 F.2d 291, 293. Nevertheless we take it as true that not only an acquittal but also a conviction 'before a court having no jurisdiction is, of course, like all proceedings in the case, absolutely void, and therefore no bar to subsequent indictment and trial in a court which has jurisdiction of the offense.' (Citations omitted)." 272 F.2d at 208–209.

It seems to us that if we adopt the rule that the jurisdiction of the State of Maine to prosecute for the commission of a crime must be established by evidence in its effect beyond a reasonable doubt, much greater deference would be given to our judgment that Maine has jurisdiction in a particular case by our sister states than would be the case if jurisdiction need be established only by a fair preponderance of the evidence.

This is so despite the fact full faith and credit is not required by the Federal Constitution to be accorded such judgment.

The American Law Institute Committee on a Model Penal Code in its proposed official draft (1962) by Model Penal Code Sections 1.12, 1.13(9)(e), recommends ju-

risdiction be established by evidence convincing beyond a reasonable doubt.

In commenting upon the reason for the recommendation the drafters of the Code have said:

"Much as there is to say for the distinction between facts which establish the criminality of the defendant's conduct and those which merely satisfy procedural requirements, with a lighter burden for the latter than the former, there is a larger difficulty in presenting to a jury different standards for appraising different features of the prosecution's case. So long as . . . jurisdiction present[s] [a question] for the jury on the general issue, the prosecutors among the Advisory Committee were agreed that no slight relaxation of the burden possibly can compensate for the confusion likely to be caused by utilizing any double standard of this kind." Tent. Draft No. 4 at 109 (1955).

We are aware there is a split of authority in the courts of this country as to the quantum of proof required to establish both venue and jurisdiction.

A comprehensive array of the decisions is contained in the opinion of the Iowa Supreme Court in State v. Wardenburg, 261 Iowa 1395, 158 N.W.2d 147 at 151 (1968).

The California Supreme Court in People v. Cavanaugh, 44 Cal.2d 252, 282 P.2d 53 at 59 (1955), ruled that jurisdiction of California to prosecute need be established only by a clear preponderance of the evidence in a case in which the issue was territorial jurisdiction as between California and Mexico.

The Louisiana Supreme Court in State v. Jackson, 142 La. 540, 77 So. 196 (1917),

ruled that jurisdiction of the State to prosecute must be established beyond a reasonable doubt. However, they said, when it has been proved that the act was perpetrated in the state where state-wide law makes it a crime, the question whether the happening took place in one political subdivision or another, is one which is likely to concern merely a question of the place and court in which it is to be prosecuted. In that respect, proof of venue by a preponderance of the evidence to the satisfaction of the jury is sufficient.

We conclude policy considerations militate against the conclusion reached by the Justice of the Superior Court, i. e., the jurisdiction of the State of Maine to prosecute these defendants, need only be proved by a fair preponderance of the evidence.

We declare the rule of Maine to be that the State must prove the sovereign power of this State to prosecute the crime by evidence convincing in its effect beyond a reasonable doubt.

We do not find it necessary to here decide what rule we shall adopt as to the quantum of proof required to establish in which political subdivision of the State the situs of the crime is located.

Since the presiding Justice found as fact that he entertained a reasonable doubt as to whether the crime with which these defendants were charged was committed in Maine or in New Hampshire, the entry must be,

Appeal sustained.

All Justices concurring.

WERNICK, J., did not sit.