STATE of Maine

v.

Jeffrey NEWELL.

Supreme Judicial Court of Maine.

Decided March 16, 1994.

■■■■■■■■■■■■■

R. Christopher Almy, Dist. Atty., Bangor, David W. Crook, Dist. Atty., Augusta, for State.

William Maselli, Auburn, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

WATHEN, Chief Justice.

■ Defendant Jeffrey Newell appeals from judgments of conviction entered in the Superior Court (Penobscot County, *Chandler, J.*) on charges of burglary, theft by deception, forgery, and theft in cases originating in Kennebec County, and on charges of burglary, theft by deception, theft, and criminal mischief in cases originating in Penobscot County. On appeal, defendant argues that the sentences imposed on the Kennebec County charges are illegal because the Superior Court lacked jurisdiction and venue and that the District Attorney for Kennebec County committed misconduct which violated defendant's due process rights. The State concedes that the sentences imposed on the theft and criminal mischief charges of the Penobscot County cases are in error because defendant did not enter a plea of guilty to those charges.[1] We therefore vacate the judgment on those charges, but finding no other error, we affirm the other judgments in all respects.

■ Defendant was indicted in Penobscot County on charges of burglary, theft, criminal mischief, and theft by deception. He entered a guilty plea to the burglary and theft by deception charges but not to the other charges. In Kennebec County, defendant was indicted on charges of burglary,

theft by unauthorized taking, theft by deception, and forgery. On June 9, 1993, defendant and his counsel appeared in the Superior Court in Penobscot County. Although the record does not reveal how the Kennebec County charges were transferred to Penobscot County, defendant did not object to venue at that time. Instead, he entered a guilty plea to all pending Kennebec County charges and was sentenced on the charges from both counties. Defendant now appeals.

■ Defendant asks that the sentences on the Kennebec County charges be vacated because venue was improper and the court had no jurisdiction over the offense. The Superior Court has statewide jurisdiction, so the fact that sentencing was held in Penobscot County for crimes committed in Kennebec County does not deprive the court of jurisdiction. *State v. Baldwin*, 305 A.2d 555, 559 (Me.1973). Rule 11(g) of the Maine Rules of Criminal Procedure governs the transfer of criminal cases for plea and sentencing and states in part: "The defendant's plea of guilty or nolo contendere constitutes a waiver of venue." Additionally, "[f]ailure to call the attention of the Court, prior to trial, to improper venue results in a waiver." *Baldwin*, 305 A.2d at 559. Here the court stated its belief that the Kennebec County cases were before the court, and asked for correction if it was mistaken. Neither defendant nor his counsel objected. Defendant then entered a guilty plea to those charges. In so doing, he waived venue.

■ Defendant argues that his rights to due process of law were violated by the Kennebec County District Attorney's misconduct in misrepresenting defendant's record of criminal history to the court at sentencing. Defendant's argument fails because the Superior Court did not rely on the challenged statements when sentencing him. *See State v. Farnham*, 479 A.2d 887, 890–891 (Me. 1984).

---

1. There is no written judgment and commitment on the Penobscot County theft and criminal mischief charges. Nevertheless, the transcript demonstrates that the court pronounced sentence on those charges. "Where there is a discrepancy between the oral pronouncement of sentence and the written judgment and commitment, the oral pronouncement of sentence controls." *State v. Stinson*, 424 A.2d 327, 334 (Me.1981). Although the theft and criminal mischief charges were dismissed subsequent to the sentencing hearing, we vacate the judgment sentencing defendant on those charges to rectify the error and eliminate any confusion.

Defendant's remaining contentions are without merit and require no discussion.

The entry is:

The judgment on Counts II and III of Penobscot County docket number CR–93–158 is vacated. The other judgments are affirmed.

All concurring.