**W. J. JONES & SON, INC.,** a corporation, and **National Automobile and Casualty Insurance Company,** a corporation, Plaintiffs,

v.

John E. **STOCKER,** Assistant Deputy Commissioner, U. S. Department of Labor, Bureau of Employees' Compensation, 14th Compensation District, Defendant,

and

Robert R. Knox, Intervenor-Defendant.

Civ. No. 66–599.

United States District Court
D. Oregon.

June 21, 1967.

Dennis Lindsay, Jerard S. Weigler, Krause, Lindsay & Nahstoll, Portland, Or., for plaintiffs.

Sidney I. Lezak, U. S. Atty., Jack G. Collins, First Asst. U. S. Atty., Portland, Or., for defendant.

Donald R. Wilson, Dan O'Leary, Pozzi, Levin & Wilson, Portland, Or., for intervenor-defendant.

## OPINION

BELLONI, District Judge.

Robert R. Knox, a longshoreman employed by W. J. Jones & Son, Inc. (Jones), was injured aboard the vessel FANMAR, afloat on navigable waters of the Columbia River at Longview, Washington.

John E. Stocker (Stocker), acting as Deputy Commissioner, Bureau of Employees' Compensation, United States Department of Labor, granted him a compensation award under the Longshoremen's and Harbor Workers' Compensation Act.

Jones brought suit to enjoin Stocker and the United States Department of Labor from enforcing the award. Jones contends that Stocker is not a Deputy Commissioner and thus is without authority to issue any orders and that the order is not founded on fact or on law.

This is Stocker's motion for a judgment on the pleadings and for a summary judgment.

His motion for judgment on the pleadings contends that the Court lacks jurisdiction to enjoin enforcement of the compensation award because § 21(b) of the Longshoremen's and Harbor Workers' Act, 33 U.S.C. § 921(b) requires that such an action be "instituted in the Federal district court for the judicial district in which the injury occurred."

The FANMAR, afloat at Longview, was on the Washington side of the Oregon-Washington boundary, which, by Oregon's original State Constitution, Article XVI, Section 1, placed the state's northern boundary from a point at sea "thence easterly up the middle channel of said river * * * including jurisdiction in civil and criminal cases upon the Columbia River * * * concurrently with the state and territories of which this river forms a boundary in common with this state." Congress assented to the boundary in the Oregon Admissions Act of February 14, 1859, 11 Stat. 383.

Is a point on the Columbia River north of the Oregon boundary within the District of Oregon? Judge Deady ruled nearly one hundred years ago in The Annie M. Smull, 1 Fed.Cas. 983, 984 (No. 423) (D.Or.1872), 2 Sawy. 226, that it was.

The District of Oregon is a jurisdictional entity, not a geographical one. The jurisdiction of the Oregon state courts includes concurrent jurisdiction with Washington of the waters in question. Oregon is one judicial district. 28 U.S.C. § 117. The territorial jurisdiction of the District of Oregon and of the State of Oregon are identical.

Stocker urges that the 1958 Oregon-Washington Columbia River boundary compact, O.R.S. 186.510, fixes the boundaries with precision so that it can no longer be claimed that any point north of the new line is within this state or this district. The compact did not change the territorial jurisdiction of this Court, its expressed purpose was to eliminate confusion and dispute about the exact location of the boundaries be-

cause of changes in the main channel of the river.

■ This Court has jurisdiction of this suit.

■ Stocker moved for a summary judgment. This requires the Court to:

1) Overrule a contention by Jones that Stocker's act was a nullity because he is not a Deputy Commissioner but only an assistant; and

2) To affirm Stocker's ruling on the record without further hearing.

That motion will be denied because the Court needs a further hearing to develop the case on its merits, but I find that Jones has waived his right to contend that Stocker was without authority.

■ Jones first made the contention that Stocker was not a duly appointed and qualified Deputy Commissioner in this Court, without it having been raised during the administrative process. Where the record does not show that the issue was so raised, it will be considered as having been waived and will not be heard by a court for the first time on a judicial review. Moore Dry Dock Co. v. Pillsbury, 169 F.2d 988 (9th Cir. 1948); United States v. L. A. Tucker Truck Lines, 344 U.S. 33, 73 S.Ct. 67, 97 L.Ed. 54 (1952).

Jones's brief states:

"The assertion that Mr. Stocker's authority to act as a deputy commissioner was first questioned in this appeal and is merely an afterthought is not correct. It was raised and brought to his attention shortly after his transfer to the Fourteenth Compensation District in 1966 and at the first indication that he intended to personally issue compensation orders (Mr. Stocker will no doubt confirm this by affidavit or deposition, if necessary). The provisions of the statute in the case of Liberty [Lumber] Mutual Casualty Ins. Co. of New York v. Lock [Locke], [2 Cir.], 60 F.2d 35, were brought to his attention. Defendant advised, however, that he could render compensation orders and that the contention was wrong. Hence, the issue should come as no surprise to the administrative agency in this case, as claimed by the government."

In the *Tucker* case, supra, it was also contended that the agency had a predetermined policy on this subject which would have required it to overrule the objection to the hearing examiner, if made. The court, at pp. 36, 37, 73 S.Ct. 67, held that the objection must be made in each administrative hearing in order to be reviewable by the court.