LESTER P. VOIGT, Secretary, Department of Natural Resources
You have asked for a formal opinion from me concerning the enforcement of Wisconsin's Boat Toilet Law (sec. 30.71 (1), Stats.) on the Mississippi River.
This opinion involves two questions: Is the Mississippi River an inland water of Wisconsin and what is meant by "concurrent jurisdiction on the Mississippi River."
The Wisconsin Boat Toilet Law reads as follows:
"No person shall operate any boat equipped with toilets on inland waters of this state unless the toilet wastes are retained for shore disposal by means of facilities constructed and operated in *Page 168 
accordance with rules adopted by the department of health and social services. `Inland waters' means the waters defined as inland waters by s. 29.01 (4)."
Inland waters of the state are defined in sec. 29.01 (4), Stats.
"All waters within the jurisdiction of the state are classified as follows: Lakes Superior and Michigan, Green Bay, Sturgeon Bay, Sawyer's harbor, and the Fox river from its mouth up to the dam at De Pere are `outlying waters.' All other waters, including the bays, bayous and sloughs of the Mississippi river bottoms, are `inland waters.'"
It is my opinion that the Mississippi River is clearly an inland water of the state. The statute enumerates which waters are classified as outlying waters and does not include the Mississippi River. Under the legal maxim "inclusio unius est exclusio alteruis" it is proper to conclude that all other waters of the state are inland waters. The statute so reads but adds the language "including the bays, bayous, and sloughs of the Mississippi river bottoms."
It is my opinion that the legislature included the words as a clarification and not as an attempt to exclude the Mississippi River itself as an inland water. The legislature eliminated any potential argument to the contrary when it specifically included bays, bayous and sloughs of the Mississippi River bottoms as inland waters.
The legislative history of sec. 30.71 (1), Stats., is persuasive in concluding that the Mississippi River is an inland water. As sec. 30.71 (1), Stats., appears in ch. 576, Laws of 1963, it includes three exceptions to the inland waters of the state.
"No person shall maintain or operate upon the inland waters of this state, except Lake Winnebago, the Mississippi River and theWisconsin River for 15 miles above and below the dam at Wisconsin Dells. . ." (Emphasis supplied.)
In ch. 565, Laws of 1965, sec. 30.71 (1), Stats., reads:
No persons shall operate any boat equipped with toilets on inland waters of this state, except the Mississippi River. *Page 169 
In ch. 471, Laws of 1969, the legislature deleted the words "except the Mississippi River," in sec. 30.71 (1), Stats.
There would be no reason to grant the exemptions unless Lake Winnebago, parts of the Wisconsin River and the Mississippi River were inland waters. Pursuant to the legal maxim of construction that all words of a legislative act must be given their ordinary meaning, it is clear that the Mississippi River is an inland water of the state.
Consequently, the Mississippi River is covered by the Boat Toilet Law, and any boat operating on the Mississippi River equipped with toilets must comply with sec 30.71 (1), Stats.
The second question concerns the enforcement of sec. 30.71 (1), Stats., by Wisconsin law enforcement officers. Wisconsin shares the Mississippi River with the states of Iowa and Minnesota as a border.
The act of Congress admitting Wisconsin to the Union (9 U.S. Stat., ch. LXXXIV, p. 57) (1846), provides in part as follows:
"`. . . The said State of Wisconsin shall have concurrent jurisdiction on the Mississippi, and all other rivers and waters bordering on the said State of Wisconsin, so far as the same shall form a common boundary to said State and any other State or States now or hereafter to be formed or bounded by the same; . . . .'"
Article IX, Sec. 1, Wis. Const., provides in part:
"The state shall have concurrent jurisdiction on all rivers and lakes bordering on this state so far as such rivers or lakes shall form a common boundary to the state and any other state. . . ."
The enabling legislation passed by the Congress admitting Iowa and Minnesota to the Union contained the same language as the Wisconsin Enabling Act.
An opinion of my predecessor, 56 OAG 278, carefully considered the question of concurrent jurisdiction on the Mississippi River. The opinion relied heavily upon Nielsen v. Oregon, 212 U.S. 315,29 S.Ct. 383, 53 L.ed. 528, (1909), and can be summarized briefly. *Page 170 
As a general proposition, Wisconsin can enforce its laws up to the center of the channel of the Mississippi River. If the act prohibited on the Mississippi River is malum in se, Wisconsin may enforce the law on the entire width of the Mississippi. If, however, the act forbidden is malum prohibitum, Wisconsin may enforce the law only up to the center of the channel of the Mississippi River. Situations arise, however, when bordering states pass laws prohibiting the same act. In such cases where both states have similar laws classified as mala prohibita, the law of each state may be enforced on the entire width of the river.
The question then becomes one of whether or not sec. 30.71 (1), Stats., is a legislative act of malum in se or malum prohibitum.
Black's Law Dictionary (Fourth Edition) defines malum in se as:
"A wrong in itself; an act or case involving illegality from the very nature of the transaction upon principles of natural moral and public law."
Black's also defines malum prohibitum as:
"A wrong prohibited; a thing which is wrong because prohibited; an act which is not inherently immoral but becomes so because its commission is expressly forbidden by positive law. . . ."
Also, see 26 Words and Phrases, pp. 343-348; 22 C.J.S. CriminalLaw, pp. 19-20, sec. 8. And United States v. United Steel Corp.,328 F. Supp. 354 (1970).
I believe it is self-evident that a law requiring the installation of holding tanks on boats for disposal of wastes on shore is not a wrong in itself but rather is wrong because it is prohibited, i.e. malum prohibitum. In accordance with the principles set out by the United States Supreme Court and summarized by my predecessor, Wisconsin may only enforce sec.30.71 (1), Stats., up to the center of the main channel of the Mississippi River unless Iowa and/or Minnesota have a similar law. *Page 171 
Your letter indicates Minnesota's law is different from Wisconsin's. This, however, is no longer the situation. The Minnesota Legislature has recently amended its law so that it is now substantially similar to Wisconsin law.
Minnesota statutes, 1969, sec. 361.29 as amended by ch. 861, Laws of 1971, and as amended by an extra session of the Minnesota Legislature on July 15, 1971, now reads:
"361.29 WATERS AND WATERCRAFT; MARINE TOILETS. Subdivision 1. (a) For the purposes of this section the term `watercraft' has the meaning given to it by section 361.02, subdivision 7, and acts amendatory thereof. (b) No person owning or operating a watercraft or other marine conveyance upon the waters of the state of Minnesota [as designated by the pollution control agency]*
shall use, operate or permit the use or operation of any marine toilet or similar device for the disposition of sewage or other wastes, unless the toilet wastes are retained for disposition on land by means of facilities constructed and operated in accordance with rules and regulations adopted by the state board of health and approved by the pollution control agency of the state of Minnesota. No person shall discharge into the waters of this state, directly or indirectly from a watercraft or other marine conveyance, any sewage or other wastes, nor shall any container of sewage or other wastes be placed, left, discharged, or caused to be placed, left or discharged into any waters of this state by any person or persons at any time whether or not the owner, operator, guest or occupant of a watercraft or other marine conveyance. All toilets must be sealed or otherwise rendered inoperative so that no human or other waste can be discharged from such toilet into state waters."
* [EDITORS' NOTE: THE TEXT CONTAINED WITHIN THE BRACKETS WAS STRICKEN THROUGH IN THE ORIGINAL TEXT.]
The Minnesota law went into effect on the Mississippi River January 1, 1972. Both Wisconsin and Minnesota require the installation of devices on boats equipped with toilets for on-shore disposal.
Iowa, on the other hand, has adopted no boat toilet law as of February 18, 1972. *Page 172 
My conclusion, therefore, is that sec. 30.71 (1), Stats., may be enforced on the full width of the Mississippi River bordering Minnesota. Where Wisconsin shares a border with Iowa, sec. 30.71
(1), Stats., may only be enforced up the center of the main channel of the Mississippi River.
RWW:PJG