STATE, Plaintiff-Respondent, v. NELSON,
Defendant-Appellant.

Court of Appeals

*No. 79–485. Submitted on briefs September 25, 1979.—*
*Decided October 26, 1979.*
(Also reported in 285 N.W.2d 924.)

For the appellant the cause was submitted on the briefs of *Stephen Andersen* and *Hegge and Andersen* of Whitehall.

For the respondent the cause was submitted on the brief of *Bronson La Follette,* attorney general, *Linda H. Bochert,* assistant attorney general, and *Lewis Maldonado,* law student, University of Wisconsin Law School.

Before Donlin, P.J., Foley, J., and Dean, J.

DONLIN, P.J.   Kevin R. Nelson was found guilty of snagging fish in violation of Wis. Adm. Code, sec. NR 20.07(1)(d).[1]  The violation occurred on May 17, 1978, while Nelson was fishing from a retaining wall of the Trempealeau Lock and Dam on the Minnesota side of the Mississippi River.  Nelson was observed fishing from the retaining wall by a Department of Natural Resources warden who was in a shelter on the Wisconsin side of the river.  Nelson appeals his conviction, contending that Wisconsin had no jurisdiction over him when he was fishing.  He further argues that if Wisconsin did have jurisdiction, the Trempealeau County court was not the proper court to hear this matter.

Where Nelson was fishing, the Mississippi River forms the boundary between Wisconsin and Minnesota.  Fed-

---

[1] Wis. Adm. Code, §NR 20.07(1)(d) in pertinent part provides: "[I]t shall be unlawful for any person to take any fish by snagging or fouling in any manner unless otherwise specifically provided.  Any such fish illegally taken other than in the mouth by snagging or fouling must be immediately returned to the water. WEBSTER'S THIRD NEW INT'L DICTIONARY 2154 (1976) defines "snag": "to hook (a fish) in the body rather than in the mouth."

eral legislation granted Wisconsin and Minnesota concurrent jurisdiction over the waters of the Mississippi River that form their boundary.[2] Nelson contends that his act of snagging fish occurred outside the territorial limits of the State of Wisconsin. He claims that the jurisdiction of the state can only extend to the center of the main channel of the Mississippi River.[3] He acknowledges that Wisconsin and Minnesota have concurrent jurisdiction over the river. He argues, however, that Wisconsin is prohibited from enforcing its fishing regulations on the Minnesota side of the main channel.

As principal support for his argument, Nelson cites a Wisconsin case.[4] His reliance is misplaced; the language of that case does not apply to this fact situation. The issue before the supreme court was whether a Minnesota warden could destroy a net that a Wisconsin fisherman had anchored to the bottom of the Mississippi River. The net was anchored on the Wisconsin side of the main channel. The laws of the State of Minnesota prohibited catching fish in this manner. It is clear from the opinion that Wisconsin permitted catching fish in this manner. The Wisconsin Supreme Court determined that the Minnesota warden had no authority to enforce the Minnesota statutes on the Wisconsin side of the main channel. It concluded that the concurrent jurisdiction statutes did not give Minnesota jurisdiction to remove a net placed by a Wisconsin fisherman, in a manner authorized by Wisconsin, on the Wisconsin side of the river.[5]

The rationale in that case was confirmed in a subsequent United States Supreme Court decision.[6] The Su-

---

[2] Wisconsin: Act of Aug. 6, 1846; 9 U. S. Stats. at Large, 57. Minnesota: Act of Feb. 26, 1857; 11 U. W. Stats. at Large, 166.

[3] *State v. Bowen*, 149 Wis. 203, 135 N.W. 494 (1912) relying upon *Roberts v. Fullerton*, 117 Wis. 222, 93 N.W. 1111 (1903).

[4] *Roberts v. Fullerton, supra.*

[5] See also 35 AM. JUR. 2d *Fish and Game* §33 (1967).

[6] *Nielsen v. Oregon*, 212 U. S. 315, (1909).

preme Court ruled that where an act is committed within the territorial limits of a state, under authority and license from that state, one cannot be prosecuted, by virtue of concurrent jurisdiction, by a neighboring state which prohibits such an act.

The fact situation before us can be distinguished from these cases. Here, both Wisconsin and Minnesota prohibit snagging fish from the Mississippi River. Although there are several exceptions to this prohibition, none of them are applicable to this fact situation.

Wisconsin and Minnesota were granted concurrent jurisdiction by federal law.[7] The grant of concurrent jurisdiction has been construed by the United States Supreme Court as follows:

> Undoubtedly one purpose, perhaps the primary purpose, in the grant of concurrent jurisdiction, was to avoid any nice question as to whether a criminal act sought to be prosecuted was committed on one side or the other of the exact boundary in the channel, that boundary sometimes changing by reason of the shifting of the channel. Where an act is *malum in se, prohibited* and *punishable by the laws of both states,* the one first acquiring jurisdiction of the person may prosecute the offense, and its judgment is a finality in both states, so that one convicted or acquitted in the courts of the one state cannot be prosecuted for the same offense in the courts of the other. But, . . . it is not limited to this. It extends to civil as well as criminal matters, and is broadly a grant of jurisdiction to each of the states.
> The present case is not one of the prosecution for an offense *malum in se,* but for one simply *malum prohibitum.* Doubtless the same rule would apply. . . . *Nielsen v. Oregon,* 212 U.S. 315 (1909) [emphasis added].

The two states' concurrent jurisdiction extends over the width of the river that forms the territorial boundary between the states. The Court has said that concurrent

---

[7] *Roberts v. Fullerton, supra.*

jurisdiction means that two powers have jurisdiction over one and the same place. This is not to be construed to mean that one state has authority to punish an act in violation of its laws beyond its territory where the act is not prohibited by the laws of the neighboring state. Where the two states have similar laws, however, concurrent jurisdiction allows a conviction in either state for violation of such laws.[8]

Nelson, a Wisconsin resident, was convicted of snagging fish in the boundary waters between Wisconsin and Minnesota. The laws of both Wisconsin and Minnesota prohibit snagging fish. An agent of the State of Wisconsin apprehended him when he returned to Wisconsin. Wisconsin fishing regulations, in harmony with similar Minnesota fishing regulations, were applicable to Nelson by virtue of the states' concurrent jurisdiction.

It is immaterial that Nelson was standing on a dam retaining wall on the Minnesota side of the river when snagging fish. Wisconsin is not seeking to assert jurisdiction over the dam, but over Nelson. He was taking fish from the boundary waters in a manner prohibited by both states. His arrest was valid under the states' concurrent jurisdiction.

Venue for violations of fishing regulations is in the circuit court for the county where the offense occurred.[9] Nelson was snagging fish in the waters of the river adjacent to Trempealeau County. He was apprehended when he came to shore in Trempealeau County. Thus, proper venue was in the Circuit Court for Trempealeau County.[10]

*By the Court.*—Judgment affirmed.

---

[8] *Nielsen v. Oregon, supra;* 35 AM. JUR. 2d *Fish and Game* §33 (1967).

[9] Section 801.50(2)(b), Stats.

[10] *State v. Cameron,* 2 Pin. 490 (1850).