29 F.3d 633
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William H. NEVINS, Sr., Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 Nos. 93-35462, 93-35692.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 26, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William H. Nevins appeals pro se the district court's judgment after a bench trial on his Federal Tort Claims Act ("FTCA") action against the Department of Veterans Affairs ("VA") alleging medical malpractice in his treatment for Post-Traumatic Stress Disorder ("PTSD"). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 BACKGROUND
 
 3
 Nevins, a World War II veteran, served in the United States Navy as an anti-aircraft gunner in the south Pacific Ocean. In 1946, Nevins was discharged from the Navy with a diagnosis of operational fatigue. The Navy found that the condition did not exist prior to Nevins's enlistment in the Navy. Nevins was seen numerous times by the VA in the following forty years.
 
 
 4
 In 1983, Nevins was referred to Dr. Summers at the VA Out-Patient Clinic in Portland, Oregon. Dr. Summers diagnosed Nevins's condition as PTSD, the most recent psychiatric nomenclature for "operational fatigue." Although PTSD is treatable, there is no cure for this chronic disorder. Nevins saw Dr. Summers at least once per month, and when necessary more often. At Dr. Summers's recommendation, Nevins entered the Portland VA Medical Center on September 11, 1985.
 
 
 5
 At the Portland VA Medical Center, Nevins was assigned a therapist of Japanese ancestry, which, because of his military training to view Japanese people as the enemy, he found intolerable. He was assigned to group therapy sessions which were also unacceptable to him. On September 16, 1985, Nevins was discharged and escorted from the Portland VA Medical Center by hospital security personnel.
 
 
 6
 In April 1987, Dr. Summers admitted Nevins to the Portland VA Medical Center because Nevins was experiencing stress relating to Nevins's appeal for additional VA benefits. Nevins was hospitalized for 13 days. Again, he was faced with seeing individuals of Japanese ancestry on the ward and referred to group therapy.
 
 
 7
 After Nevins was released from the Portland VA Medical Center in 1987, he filed suit against the VA. He alleged that he received inadequate medical treatment during both of his hospital stays. In addition, he alleged that after Dr. Summers discovered the litigation, Dr. Summers refused to continue treatment and failed to refer Nevins to another therapist.
 
 DISCUSSION
 A. Jurisdiction of the District Court
 
 8
 The government contends that the district court lacked jurisdiction over Nevins medical malpractice claims prior to September 18, 1985.[1] We review de novo the district court's subject matter jurisdiction. Reebok Int'l, Ltd v. Marnatech Enters., Inc., 970 F.2d 552, 554 (9th Cir.1992).
 
 
 9
 The FTCA bars tort claims against the United States unless an administrative claim is filed with the appropriate agency within two years after the claim accrued. 28 U.S.C. Sec. 2401(b). An action for medical malpractice accrues when the plaintiff knows of both the existence and cause of his injury. Outman v. United States, 890 F.2d 1050, 1052 (9th Cir.1989). The filing of an administrative claim under 28 U.S.C. Sec. 2675(a) is a jurisdictional prerequisite to filing an action under the FTCA. Burns v. United States, 764 F.2d 722, 724 (9th Cir.1985).
 
 
 10
 Here, Nevins claims that he received inadequate medical care during his September 11-16, 1985 hospitalization. Nevins was aware of this alleged failure to treat because he claims that he was forcibly discharged on September 16, 1985. Nevins mailed his administrative claim on September 15, 1987, but it was not received by the VA until September 18, 1987. The critical date is the date the claim is received by the agency, and not the date the claim is served or mailed. Bailey v. United States, 642 F.2d 344, 346-47 (9th Cir.1981). Thus, the district court lacked jurisdiction over Nevins's claims which accrued prior to September 18, 1987.
 
 B. Transcript
 
 11
 Nevins contends that the district court erred by denying his Fed.R.App.P. 10(e) motion to correct the transcript on appeal. We review the district court's findings of fact under the clearly erroneous standard. United States v. Carrillo, 902 F.2d 1405. 1410 (9th Cir.1990). A transcript need not be correct in every detail, it need only "report proceedings with reasonable completeness and substantial accuracy." United States v. Anzalone, 886 F.2d 229, 232 (9th Cir.1989).
 
 
 12
 Here, Nevins argues that the reporter's transcript omits blocks of testimony and comments by the trial judge reminding him of the amount of time he had left to question witnesses. In support of his motion, Nevins submitted his own affidavit, that of his wife, and two of the witnesses, neither of whom stated that they had read the transcript. The government introduced the affidavit of the court reporter, and that of the court reporter's wife, who compared the text of the transcript to audio recordings of the hearing. In addition to the evidence introduced by the government, the district court judge was entitled to rely on her own memory and trial notes in determining whether the transcript was accurate. After listening to several hours of the audio tapes, the district court judge ruled that although there were minor errors, the transcript was substantially correct.
 
 
 13
 We have reviewed the relevant portions of the audio tapes, the affidavits, and read the transcript.[2] Although this is not a model transcript, our review has revealed only typographical errors, misnumbered pages, duplicative pages, miscaptioned pages, and that the transcript lacks an index in violation of 9th Cir.R. 11-3. Because the district court's findings are not clearly erroneous, the district court's ordering denying Nevins's Fed.R.App.P. 10(e) motion is affirmed. See Carrillo, 902 F.2d at 1410.
 
 
 14
 Moreover, assuming arguendo Nevins is correct regarding the claimed specific errors in the transcript, Nevins has not demonstrate prejudiced. The errors alleged by Nevins do not show that the district court's holding regarding Nevins's medical malpractice claim was clearly erroneous.[3] See Anzalone, 886 F.2d at 232 ("appellant cannot prevail without a showing of specific prejudice"); section C, infra (affirming the district court's finding of facts).
 
 C. Malpractice
 
 15
 Nevins contends that the district court erred by finding that he failed to prove medical malpractice by the preponderance of the evidence. We review the district court's findings of fact under the clearly erroneous standard. Securities & Exchange Comm'n v. American Principals Holding, Inc. (In re San Vincente Medical Partners Ltd.), 962 F.2d 1402, 1405 (9th Cir.) (bench trial), cert. denied, 113 U.S. 210 (1992);. Under this standard, "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even ... [if] it would have weighed the evidence differently." Anderson v. Bessemer City, 470 U.S. 564, 573-74 (1985).
 
 
 16
 For actions brought under section 1346(b) of the FTCA, the district court applies the law of the state in which the alleged negligent act occurred. Brock v. United States, 601 F.2d 976, 978 (9th Cir.1979). In this case, Oregon law applies. Under Oregon medical malpractice law, the standard of care is that of a reasonably careful practitioner in the same discipline and circumstances. Creasey v. Hogan, 637 P.2d 114, 120 (Or.1981). Thus, Nevins bears the burden of proving by a preponderance of the evidence that the VA doctors did not use reasonable care in diagnosing him and treating him for PTSD or denying him dental care. See id. He also must prove that the alleged misdiagnosis and treatment injured him. Wintersteen v. Semler, 255 P.2d 138, 140 (Or.1953).
 
 
 17
 At trial, Nevins introduced the testimony of Anneke Hathaway, D.Psy. Dr. Hathaway testified that she had a general practice in psychology with a subspecialty in psychological evaluation. Dr. Hathaway did not testify that she had any specialized training in treating patients with PTSD, had done any research in PTSD, or had treated any patient other than Nevins with PTSD.
 
 
 18
 The United States introduced the testimony of three licensed physicians who testified that Nevins's care did not fall below accepted standards. One of the physicians who testified was Dr. Michael Reeves. Dr. Reeves is a clinical associate professor at Oregon Health Sciences University and psychiatrist specializing in the treatment of PTSD. In addition, Dr. Reeves has published articles and taught classes on PTSD. Dr. Reeves was also the cochair of the VA committee that drafted standards of treatment for PTSD. Dr. Reeves testified that Nevins's care in the VA hospital "met, if not exceeded the standard of care in the medical community."
 
 
 19
 In light of the testimony of three physicians, one of whom was a psychiatrist and an expert in PTSD, the district court's finding that Nevins failed to prove medical malpractice by the preponderance of the evidence through the testimony of one psychologist was plausible. Accordingly, the district court's findings were not clearly erroneous. See Service Employees Int'l Union v. Fair Political Practices, 955 F.2d 1312, 1317 n. 7 (9th Cir.), cert. denied, 112 S.Ct. 3056 (1992) (if plausible, findings of fact are not clearly erroneous).[4]
 
 CONCLUSION
 
 20
 For the foregoing reasons, the judgment of the district court is
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Nevins's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the district court found that Nevins failed to prove his case, the district court did not rule on the government's motion to dismiss those claims that accrued prior to September 18, 1985 for lack of jurisdiction
 
 
 [2]
 The audio tape for the first day is missing, and some relevant portions of the audio tapes are incomprehensible
 
 
 [3]
 Nevins further contends that the district court erred by denying him copies of the audiotapes of the hearing. We note that Nevins was not denied copies of the audiotapes. He could have obtained copies of the audiotapes, if he agreed to have them sent out to be professionally reproduced. Nevins declined this offer. The district court and the court reporter are responsible for the exhibits and records in their custody. We cannot say that limiting Nevins's ability to copy these tapes to using a professional copying service was unreasonable in light of the possibility that an untrained person could damage the tapes while reproducing them
 
 
 [4]
 In his opening brief, Nevins does not raise any arguments regarding the district court's denial of his motion under Fed.R.Civ.P. 52 and 59(a) was erroneous. Accordingly, this issue is waived on appeal. See Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988). All pending motions are denied